Joseph Sanderson
+1 212 378-7615 direct
josanderson@steptoe.com



1114 Avenue of the Americas
New York, NY  10036-7703
212 506 3900 main
www.steptoe.com

January 31, 2023

<u>By ECF and Email</u>

Hon. Analisa Torres, U.S.D.J.
United States District Court,
Southern District of New York
500 Pearl Street
New York, New York  10007

Re:     *Avangrid Networks, Inc. v. Security Limits Inc.*, No. 22 Civ. 9622 (AT)

Dear Judge Torres:

All parties in this action jointly submit this letter, together with the accompanying Proposed Civil Case Management Plan and Scheduling Order.

### Basis of the Court's Subject-Matter Jurisdiction

Plaintiffs contend that this Court has diversity jurisdiction, while Defendants contend that they have not received enough information to substantiate Plaintiffs' purported basis for damages and believe that joinder of necessary parties may undermine complete diversity in this matter. According to Plaintiffs, diversity jurisdiction is warranted because:  (1) Plaintiff Avangrid Networks, Inc., is a Maine corporation with its principal place of business in Maine; (2) Plaintiff Avangrid Service Company is a Delaware corporation with its principal place of business in Maine; (3) Defendant Security Limits Inc. ("SLI") is a New York corporation with its principal place in Pennsylvania; and (4) Defendant Silva is a citizen of Pennsylvania. Plaintiffs' complaint seeks substantially more than $75,000, but Defendants reserve the right to further investigate whether this figure is substantiated and adequate to confer diversity jurisdiction.

### Plaintiffs' Description of the Nature of the Case and Their Claims[1]

Plaintiffs allege that Defendants retained a hard drive without authorization and engaged in an extensive, years-long extortion campaign, alleged in detail in the Complaint, to try to obtain contracts or money by making threats to baselessly accuse Plaintiffs and various affiliated entities and individuals of crimes and regulatory violations. Plaintiffs also allege that Defendants are threatening Plaintiffs and other companies bidding for contracts with Plaintiffs with civil or

---

[1] This section was prepared by Plaintiffs and summarizes Plaintiffs' allegations and contentions, which Defendants do not concede. This summary is informational only and all parties reserve the right to change their allegations or contentions.

Hon. Analisa Torres, U.S.D.J.
January 31, 2023
Page 2

criminal liability under various intellectual property grounds, despite having signed an End User License Agreement licensing the relevant technology for the benefit of Plaintiffs.

Defendants' conduct has caused Plaintiffs to incur substantial damages, including: (i) the withholding and loss of access to the contents of the hard drive; (ii) the cost of internal investigation and remediation; and (iii) the cost of responding to regulatory inquiries in Maine prompted by certain of Mr. Silva's claims during the course of his extortion scheme. Defendants suspect that Defendants' conduct may also have led to his competitors proposing less favorable bid terms due to the expense of potential litigation from Mr. Silva.

Counts I and II of the complaint allege breach of contract and breach of implied covenant claims, as third-party beneficiaries under SLI's subcontract with Plaintiffs' prime contractor, Unlimited Technology, Inc. ("UTI"). As explained at length in the Complaint, that subcontract contains a provision incorporating by reference any provision that the Prime Contract requires to be contained in subcontracts. In turn, the Prime Contract provided that the terms of the Prime Contract applied to subcontractors as if they were employees of UTI. Plaintiffs thus allege that SLI breached duties of confidentiality, provisions regarding information and intellectual property ownership, and security, data privacy, and acceptable use policies by, among other things, misappropriating a hard drive (believed to contain emails and schedules from certain contractors and subcontractors) and refusing to return unless paid a six-figure sum, despite acknowledging that it belongs to Plaintiffs. Plaintiffs also contend that SLI's threats to Plaintiffs and other bidders if they do not award SLI a contract also violate the information and intellectual ownership provisions.

The Complaint also alleges (in the alternative to the tortious interference claims[2]) that Silva assented personally to the terms of the subcontract, including the provisions incorporating the Prime Contract and making Plaintiffs third-party beneficiaries, by personally providing services under the subcontract with knowledge of its terms.

Count III alleges tortious interference with contract, contending that Silva intentionally caused SLI to breach the subcontract through its theft and extortion. While Plaintiffs are not required to anticipate affirmative defenses, Plaintiffs plead bad faith and independently fraudulent or unlawful conduct that would negate any potential economic interest defense.

Plaintiffs intend to amend to additionally assert tortious interference with the Prime Contract between UTI and Plaintiffs, against all Defendants, since they were aware of the Prime Contract and that their conduct would cause UTI to breach the Prime Contract.

Counts IV and V allege replevin and conversion respectively based on, among other things, the misappropriation of the hard drive. Defendants' conditional offers to return the drive *if paid substantial sums* do not negate their interference with Plaintiffs' possessory rights, but, in any

---

[2] Plaintiffs intend to amend to clarify that this claim is in the alternative.

event, Plaintiffs intend to amend to additionally assert a claim for trespass to chattels in the alternative to conversion.

Count VI alleges prima facie tort or common law extortion based on the theory recognized in *Posner v. Lewis*, 18 N.Y.3d 566 (2012). Plaintiffs allege that Defendants extorted Plaintiffs to try to obtain contracts or money that they were not entitled to, causing Plaintiffs injury as described above. Plaintiffs intend to amend to further particularize the categories of special damages that they have suffered as a result of the extortion.

Count VII seeks declaratory and injunctive relief to stop Defendants' alleged threats, in violation of the perpetual license granted under the EULA for the benefit of Plaintiffs, against anyone other than them who is awarded a contract that involves working on the licensed technology. Plaintiffs contend that Defendants' threats present an actual controversy, since they risk chilling bids or increasing bid prices due to the costs that Defendants' threats impose on bidders.

Plaintiffs dispute anticipated defenses by Defendants, including that a defamation lawsuit in New Mexico arising from statements not at issue here triggers preclusion or abstention doctrines or that Pennsylvania citizen UTI is a necessary and indispensable party, since Plaintiffs contend that if joinder were necessary, UTI could be joined as a defendant and would thus not destroy diversity.[3]

### Defendants' Description of Their Defenses[4]

Defendants intend to argue, *inter alia*, that Plaintiffs' Complaint improperly repackages claims arising out of the same occurrences as those litigated in the New Mexico action, styled *Avangrid, Inc. et al. v. Security Limits, Inc. and Paulo Silva et al.*, which is currently pending before the First Judicial District Court of the County of Santa Fe, with the Index No. D-101-CV-2021-02544 (the "New Mexico Action"). According to Defendants, this is impermissible under a plethora of applicable preclusive doctrines, including but not limited to, *res judicata*/claim preclusion, collateral estoppel, the Colorado River Doctrine, the Rooker-Feldman doctrine, and abstention. Defendants assert that Plaintiffs cannot relitigate factual issues decided by the New Mexico Court or assert claims that they should have raised in that action—in which Defendants were awarded fees following dismissal of Plaintiffs' claims.

In that regard, Defendants aver that Plaintiffs' claims arose out of the same underlying business relationship, and even involved some of the very same theories of relief at issue here. Although Plaintiffs have attempted to recycle some of their claims, such successive claims—in Defendants' view—clearly relate to the same overarching dispute involving the parties' prior

---

[3] Plaintiffs believe that the appropriate place to respond in detail to Defendants' arguments regarding the sufficiency of the Complaint is in responding to Defendants' pre-motion letters and in memoranda of law.

[4] This section was prepared by Defendants and summarizes Defendants' contentions and allegations, which Plaintiffs do not concede. This summary is informational only and all parties reserve the right to change their allegations or contentions.

business dealings and unequivocally constitute impermissible, piecemeal litigation. *See, e.g.*, *Ozuzu v. Greenpoint Mortg. Funding*, No. 19-CV-03783, 2020 U.S. Dist. LEXIS 174873, *31, 2020 WL 5658776 (E.D.N.Y. Sept. 23, 2020) (dismissing claims "to the extent [the] claims were not raised in the state . . . actions," but "could have been"). Defendants assert that Plaintiffs cannot take a second bite at the apple in a different jurisdiction—or ask the Court to issue inconsistent decisions. Even setting aside the preclusive effect of the New Mexico Action, Defendants also plan to argue that Plaintiffs' claims also suffer from numerous deficiencies, set forth below:

### *Defendants' Contend That Plaintiffs' Tortious Interference Claim is Substantively Deficient*

Defendant assert that Plaintiffs' tortious interference claim is factually bankrupt and, in any case, Plaintiffs cannot hold Mr. Silva liable as the Chief Executive Officer of SLI—a party to the very contract alleged to have been breached. Mr. Silva is not a "third party" to that contract for purposes of this claim, a key requirement. *See, e.g., Finley v. Giacobbe*, 79 F.3d 1285, 1295 (2d Cir 1996). Even ignoring the foregoing, Defendants argue that this claim is also meritless because: (1) it is duplicative of the breach of contract claim; (2) there are insufficient allegations showing that Mr. Silva intentionally procured a contractual breach when Mr. Silva repeatedly tried to return the data; and (3) Plaintiffs have not sufficiently articulated damages or causation, and cannot do so.

### *Defendants Assert That Plaintiffs' Claims for Replevin and Conversion Also Lack Merit*

According to Defendants, the replevin and conversion claims set forth in the complaint are also meritless. Defendants contend that SLI attempted to return the data in question on numerous occasions via written correspondence (some of which is cited in the complaint). Among other things, on July 14, 2020, March 5, 2021, March 19, 2021, March 26, 2021, and December 2022. SLI offered to return the data and requested a return address. Defendants claim that it was Plaintiffs conduct—not SLI's—that frustrated the return of such data, which has now been returned. Accordingly, Defendants claim that Plaintiffs have thus waived this cause of action and, at the very least, caused the very issue they are complaining of in this litigation. Moreover, these tort claims are also, according to Defendants, duplicative, lack any articulable damages, and are barred by *laches*, among other things.

### *Defendants Aver That Plaintiffs' Claim For Prima Facie Tort/Extortion Is Not Cognizable, Inadequately Pleaded, and Otherwise Meritless*

Defendants further allege that Plaintiffs' common law extortion claim lacks any colorable basis. As Defendants intend to argue, this type of claim has been expressly labeled as frivolous because civil extortion is non-existent under New York law. *See, e.g., Walia v. Veritas Healthcare Sol.,* 2015 U.S. Dist. LEXIS 105429, *7 (S.D.N.Y. August 11, 2015) ("**Claims for extortion and blackmail . . . are patently frivolous** as extortion is a criminal offense, and may not be pled as a separate cause of action in a civil case.") (emphasis added). Defendants contend that any attempt by the Plaintiffs to continue with this claim, however labeled, would constitute a backdoor attempt to assert a non-existent civil extortion claim.

Furthermore, Defendants further assert that claims for *prima facie* tort require, *inter alia*, the intentional infliction of harm, a showing of special damages (pled with particularity), and the lack of an excuse or justification. *See, e.g.*, *Barone v. United States*, No. 12-CV-4103, 2016 U.S. Dist. LEXIS 59946, *10 (S.D.N.Y. May 5, 2016). In Defendants' view, Plaintiffs' claim fails on all accounts. Plaintiffs do not plead—and cannot prove—special damages. Nor can Plaintiffs establish the intentional infliction of harm—which simply cannot be shown when Defendants *expressly* offered to return the data in question on numerous occasions, and have in fact done so.[5] Finally, Defendants refute the substance of this claim, as Defendants did not engage in any acts of extortion and Plaintiffs' claims are merely based on communications that are taken out of context.

***Defendants Assert that Plaintiffs' Contractual Claims Are Meritless and Procedurally Defunct***

Defendant further assert that Plaintiffs' breach of contract and breach of the implied covenant of good faith and fair dealing claims are both procedurally, and substantively, deficient. As Defendants intend to argue, contractual claims cannot be adjudicated without all of the parties to the contract in question included in the litigation (i.e., here, Unlimited Technology, Inc. ("UTI")). *See, e.g., Global Discount Travel Services, LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 707-708 (S.D.N.Y. 1997). Because this claim cannot be litigated without UTI, Plaintiffs' complaint is subject to dismissal for failure to join a necessary and indispensable party. Defendants further contend that this cannot be remedied by joinder without destroying complete diversity, as UTI is a citizen of Pennsylvania. Specifically, any action in which breaches as to UTI's contract are alleged would require that UTI be joined as a party adverse to Defendants. For the same reasons, Plaintiffs' breach of the covenant of good faith and fairing dealing claim is also procedurally defunct.

Moreover, Defendants assert that Plaintiffs have failed to support why they—as nonparties to the contract in question—have any standing to assert rights under it. Previously, in a Report Submitted to the Maine Public Utility Commission (Docket No. 2021-00391), and in response to the "Notice of Summary Investigation by Dated December 13, 2021," Avangrid admitted: ***"Neither Avangrid nor any other Avangrid entity has ever had a direct contract with Security Limits or its principal Paulo Silva, other than a License Agreement for software used in the ASD project."*** Docket No. 2021-00391 (emphasis added). Accordingly, Defendants believe that Plaintiffs cannot now purport to assert contractual rights against Defendants and have waived any such rights or claims.

Defendants further contend that Plaintiffs have failed to adequately articulate damages, if any, that flowed from the purported breach, and cannot do so. Finally, as mentioned above, Defendants allege that Plaintiffs cannot plead causation for this (or any) claim, as there is unequivocal documentary evidence showing that Defendants offered to return the data in question

---

[5] For similar reasons, Plaintiffs cannot meet the other fundamental requirements for this claim (e.g., lack of excuse or justification). In any event, as with Plaintiffs' other claims, this claim is also—according to Defendants—time-barred as the allegations giving rise to this claim occurred before the one year statute of limitations period governing *prima facie* tort claims expired.

on numerous occasions. Any alleged harm resulting from Plaintiffs not having access to this data is the result of Plaintiffs own conduct, not Defendants.[6]

***Defendants Aver that Plaintiffs' Declaratory Judgment Action is Unripe, Requests Relief that is Speculative and Subject to Contingent Events, and is Otherwise Meritless***

Defendants also assert that Plaintiffs' declaratory judgment claim, in addition to being barred from the preclusive doctrines referenced above, is also meritless due to, *inter alia*, lack of ripeness, failure to plead an actual controversy, and because it otherwise asks the Court to provide vague and expansive relief that is completely unwarranted and premature. This claim purports to have this Court enter a vague, overarching, and speculative ruling as to future, contingent events—relief that patently improper and overbroad for a declaratory judgment claim.[7]

### Contemplated Motions

Either by right or by leave of court, Plaintiffs intend to move to amend their complaint. Plaintiffs also are considering whether a forensic examination of Defendants' devices is necessary, which may result in additional motion practice. Plaintiffs also anticipate potential disputes over the crime-fraud exception to attorney-client privilege. Plaintiffs believe that a motion for partial summary judgment on Counts I, II, IV, V, and VII may narrow the issues for trial.

Defendants are contemplating moving to dismiss this action for, *inter alia*, the reasons set forth above in the description of Defendants' defenses. Defendants are also considering moving to stay discovery in this action in light of the duplicative New Mexico Action, and potential issues as to diversity jurisdiction in the event this Court deems that joinder is required. In the event that this action is not dismissed, Defendants also anticipate that the parties may engage in motion practice pertaining to privilege issues, and further anticipate dueling motions for summary judgment to narrow the issues for trial. In the event that this action is not dismissed, Defendants also intend to investigate potential counterclaims.

### Prospects for Settlement

The parties continue to engage in informal settlement negotiations and both parties have at times expressed openness to settlement offers, but prospects for settlement are currently unclear. The parties agree that a settlement conference before a Magistrate Judge after the close of discovery would be beneficial, and will inform the Court if they believe that an earlier settlement conference might be productive.

---

[6] Defendants also claim that Plaintiffs' claim for breach of the covenant of good faith and fair dealing is also duplicative.

[7] Defendants respectfully reserve the right to supplement or amend their defenses following additional investigation and discovery. Defendants reserve all rights and remedies, including the right to assert counterclaims upon further investigation.

Hon. Analisa Torres, U.S.D.J.
January 31, 2023
Page 7

                                                    Respectfully submitted,

                                                    <u>/s/ Joseph M. Sanderson</u>
                                                    Joseph Sanderson, Steptoe & Johnson LLP
                                                    Counsel for Plaintiffs

                                                    <u>/s/ Matthew DeFrancesco (with permission)</u>
                                                    Matthew DeFrancesco, FisherBroyles LLP
                                                    Counsel for Defendants