Thomas Watson
+1 213 439-9417 direct
twatson@steptoe.com



633 West Fifth Street
Suite 1900
Los Angeles, CA  90071-3500
213 439 9400 main
www.steptoe.com

March 27, 2023

<u>By ECF and Email</u>

Hon. Analisa Torres, U.S.D.J.
United States District Court,
Southern District of New York
500 Pearl Street
New York, New York  10007

**Re:** *Avangrid Networks, Inc. v. Security Limits Inc.*, No. 22 Civ. 9622 (AT)
Motion to Disqualify Bradford, Edwards & Varlack LLP

Dear Judge Torres:

We write on behalf of Plaintiffs in this action pursuant to Your Honor's Individual Rule III.A regarding Plaintiffs' anticipated motion to disqualify Bradford, Edwards & Varlack LLP as counsel to Defendants due to its conflicts of interest and possession of Avangrid's privileged attorney-client communications and attorney work-product specifically regarding this action and other disputes with Defendants. Plaintiffs do not make this motion lightly. Plaintiffs do so because Bradford, Edwards & Varlack LLP's disqualifying conflicts and possession of privileged communications are clear.

## Background

Camille Joseph Varlack is a name partner of Bradford, Edwards & Varlack LLP, a small, boutique law firm. Since July 2022, Ms. Joseph Varlack has also served on the Board of Directors of Avangrid, Inc., Plaintiffs' parent company, which is a large public company that is traded on the New York Stock Exchange and has a $15 billion market capitalization. Avangrid, Inc. owns 100% of the Plaintiffs here.

As background, Ms. Joseph Varlack was in discussion to be an Avangrid Board of Directors member in May of 2022, was formally nominated a Board candidate in June 2022 and was elected by Avangrid's shareholders and joined the Avangrid Board of Directors on July 20, 2022. Also, on July 20, 2022, Ms. Joseph Varlack was appointed to the Avangrid Audit Committee, which is responsible for oversight of Avangrid risk, claims, and litigation. The Avangrid Audit Committee receives regular litigation and compliance reports, including more-detailed updates on Avangrid's litigation, internal investigations, and regulatory affairs than the full Board.

Hon. Analisa Torres, U.S.D.J.
March 27, 2023
Page 2

Until November 2022, Ms. Joseph Varlack used her law firm email as the primary contact for communications with Avangrid, and still has the law firm's Director of Operations available to assist with Avangrid matters.

On October 12, 2022, Avangrid's Deputy General Counsel & Assistant Corporate Secretary provided Ms. Joseph Varlack, to her law firm email address, cvarlack@bradfordedwards.com, meeting materials for a meeting of the Audit and Compliance Committee that were identified as "confidential" and that included a privileged litigation update from Avangrid's General Counsel, including attorney work product. Those written materials discussed this action and other litigation with Defendants. At that Audit Committee meeting, Avangrid's General Counsel provided a significant litigation update, including about this action and other litigation with Defendants. Thus, highly material privileged information regarding this action is indisputably in Bradford, Edwards & Varlack LLP's possession.

Bradford, Edwards & Varlack LLP is a small, boutique law firm; its only partners are in the name of the law firm, and it presumably does not have a separate General Counsel's office or IT function. It is thus the classic close-knit law firm where no amount of screening could protect Plaintiffs' confidential information from disclosure to the firm's other partners.

Plaintiffs are informed and understand that, since January, Ms. Joseph Varlack has been on leave from Bradford, Edwards & Varlack LLP due to serving as Chief of Staff for New York City Mayor Eric Adams, but, as reflected by the firm's name, Ms. Varlack remains a part owner of the firm.[1]

On March 16, 2023, Bradford, Edwards & Varlack LLP entered an appearance for Defendants. Plaintiffs immediately investigated the firm's access to Plaintiffs' confidential information and asked Ms. Joseph Varlack to inquire as to whether the firm would withdraw. Ms. Joseph Varlack told Plaintiffs that her partners would not agree to withdraw.

### Bradford, Edwards & Varlack LLP's Possession of Privileged Information Regarding This Action Mandates Disqualification

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (internal quotation marks omitted). While motions to disqualify are not granted lightly, they must be granted where "an attorney's conduct tends to taint the underlying trial." *Id.* "One recognized form of taint arises when an attorney places himself in a position where he could use a client's privileged information against that client." *Id.* at 133.

---

[1] Indeed, Rule 7.5 of the Rules of Professional Conduct further demonstrates that Ms. Joseph Varlack remains associated with the firm despite being on leave: if she had left the firm entirely, the Rules of Professional Conduct would require her name to be removed from the firm name.

Hon. Analisa Torres, U.S.D.J.
March 27, 2023
Page 3

The test for disqualification in this Circuit depends on whether the conflict is concurrent or successive. In the case of a concurrent conflict, the representation is "prima facie improper," so the attorney must show there is "no actual *or apparent* conflict in loyalties or diminution in the vigor of [their] representation." *Id.* In the case of a successive conflict, disqualification is required where "(1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, the relevant privileged information in the course of his prior representation of the client." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 239 (2d Cir. 2016).

While framed in terms of representation, the Second Circuit has applied similar principles to other types of conflicts of interest: even where "we have a divergence from the more usual situation of the lawyer switching sides to represent an interest adverse to his initial representation," similar principles of risk of access to privileged information about the matter at hand apply. *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975) (disqualifying law firm based on its client being a lawyer who had worked on a matter in which the same firm was litigating against that lawyer's client). Courts have thus frequently disqualified based on a personal interest conflict where a lawyer owes a party fiduciary duties of trust and confidence, even where that fiduciary relationship is not an attorney-client relationship. *E.g.*, *In re Liberty Music & Video, Inc.*, 54 B.R. 799, 804 (Bankr. S.D.N.Y. 1985) (fiduciary duty under partnership law created disqualifying conflict); *Greene v. Greene*, 47 N.Y.2d 447, 452, 391 N.E.2d 1355, 1358 (1979) (partners' fiduciary duties precluded them from representing a plaintiff against their former partner).

A concurrent conflict exists here: despite Ms. Joseph Varlack being on leave, she remains "associated in a firm" with the active partners of Bradford, Edwards & Varlack LLP within the meaning of Rule 1.10(a) of the Rules of Professional Conduct because she continues to be a partner (part owner) of the firm (and therefore will directly profit from her firm's representation of Defendants here), allows the firm to continue to use her name while she is on leave, and presumably intends to return from her leave of absence when her government service is complete.

Simultaneously, as a director of Avangrid, she has an absolute fiduciary duty of loyalty to Avangrid and must keep Avangrid's confidences. In that capacity, at her law firm email address, she received such confidences. Indeed, given the nature of her board role, she likely has an attorney-client relationship with Avangrid as well, whether or not it has signed an engagement letter with her firm.

Thus, under Rule 1.10(a)'s rule of imputation, Bradford, Edwards & Varlack LLP cannot represent clients whom Ms. Joseph Varlack is precluded from representing, and Ms. Joseph Varlack obviously could not represent Defendants since she is a Director for their parent company and received privileged updates about this litigation and related matters.

Hon. Analisa Torres, U.S.D.J.
March 27, 2023
Page 4

Even if Ms. Joseph Varlack's leave of absence were sufficient to make the conflict successive rather than concurrent, Rule 1.10(b) and the Second Circuit's three-point test is easily satisfied here. Ms. Joseph Varlack, while a partner at Bradford, Edwards & Varlack LLP, served on Avangrid's Board and Audit Committee and thus had fiduciary duties of loyalty and confidence to Avangrid and may have had an attorney-client relationship in that role as well. The substantial relationship test is easily satisfied because, while a partner at Bradford, Edwards & Varlack LLP, Ms. Joseph Varlack received privileged updates *about this action*. And the remaining partners of Bradford, Edwards & Varlack LLP also have access to that information, since Ms. Joseph Varlack received emails *about this action* on her law firm email account.

Whether or not screening can prevent imputation of conflicts in some cases, there is no evidence that any such attempt was made here. In any event, in a three-partner boutique law firm, it would be impossible to screen attorneys even if any attempt to screen had been made. In short, Defendants' counsel has access, *even today*, to Plaintiffs' privileged information about this very action.

Thus, regardless of whether the conflict is viewed as a concurrent or successive one, Bradford, Edwards & Varlack LLP has access to highly material and privileged information *about this very action*. The potential for trial taint is obvious: Defendants may use that information, among other things, to understand Plaintiffs' strategy, to use Plaintiffs' work product against them, or even to commence additional proceedings based on the privileged information received by the Board or Audit Committee. Absent disqualification, Plaintiffs would be left litigating against a party with counsel who knows its innermost thoughts about this very action. As such, disqualification is mandatory.

## Conclusion

Defendants' law firm possesses privileged and confidential information about this very action. That is not a close case; disqualification is required.

Respectfully submitted,

Thomas B. Watson (*pro hac vice*)

cc:   All counsel of record, via ECF