UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVANGRID NETWORKS, INC.; and
AVANGRID SERVICE COPMANY,

                Plaintiffs,

-against-

SECURITY LIMITS, INC., and PAULO SILVA,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/11/2024

22 Civ. 9622 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs, Avangrid Networks, Inc., and Avangrid Service Company, bring this action against Defendants, Security Limits, Inc., and Paulo Silva, alleging, *inter alia*, breach of contract and extortion. *See generally* Compl., ECF No. 1. On March 16, 2023, Patrick Bradford of Bradford Edwards & Varlack LLP ("Bradford Edwards" or the "Firm") entered his appearance as counsel for Defendants. ECF No. 38. Before the Court is Plaintiffs' motion to disqualify the Firm. Mot. at 1, ECF No. 45. For the following reasons, the motion is GRANTED.

**DISCUSSION**

    Plaintiffs argue that disqualification is warranted because the Firm has had access to privileged information about this action. Mem. at 1, ECF No. 46. Camille Joseph Varlack, one of the Firm's named partners, has served on the board of directors of Plaintiffs' parent company, Avangrid, Inc. ("Avangrid"), since July 2022. ECF No. 48-1; Weir Decl. ¶ 4, ECF No. 47. Specifically, Varlack serves on the board's audit committee, which oversees "Avangrid's risk, claims, and litigation." Weir Decl. ¶¶ 4–5.

    Plaintiffs contend that, in her role as director, Varlack received privileged information from Avangrid about this action while she was an active partner at Bradford Edwards.[1] Mem. at 4–6. From July 2022 until approximately November 2022, Varlack used her Firm email address to communicate with Avangrid, receiving all Avangrid communications at that email address and copying the Firm's director of operations on those communications. *See* Weir Decl. ¶¶ 6–12; ECF No. 47-1. For example, on October 12, 2022, in anticipation of an audit committee meeting, Avangrid's deputy general counsel sent meeting materials to Varlack's Firm email address. Weir Decl. ¶ 8; Opp. at 5, ECF No. 49. Plaintiffs claim that the materials were marked "confidential" and included a "privileged litigation update . . . and attorney work product discussing strategy" in this action. Weir Decl. ¶ 8.

---

[1] As of October 31, 2022, Varlack is no longer at Bradford Edwards. Opp. at 5, ECF No. 49.

I.   Legal Standard

The Court may disqualify counsel to "preserve the integrity of the adversary process." *Bd. of Educ. of City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979).  A motion to disqualify "will be granted only if the facts present a real risk that the trial will be tainted." *Koch Indus., Inc. v. Hoechst Aktiengesellschaft*, 650 F. Supp. 2d 282, 286 (S.D.N.Y. 2009).  "One recognized form of taint arises when an attorney . . . could use a client's privileged information against that client." *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005).

The test for disqualification depends "on whether the representation is concurrent or successive." *Id.*  Because this case does not involve traditional concurrent representation but rather "legal representation of one party and service on a board of directors that is the other party, the Court applies the more lenient standard applicable to successive representation." *Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.*, 722 F. Supp. 2d 295, 306 n.2 (E.D.N.Y 2010).  In cases of successive representation, an attorney may be disqualified if: (1) "the moving party is a former client of the adverse party's counsel;" (2) "there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit;" and (3) "the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of [their] prior representation of the client." *Hempstead Video*, 409 F.3d at 133 (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)).  When "the *Evans* factors are satisfied, trial taint is established and no further analysis is necessary." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) (citing *Hempstead Video*, 409 F.3d at 133).

Ordinarily, an attorney's conflicts are imputed to their firm "based on the presumption that 'associated' attorneys share client confidences." *Hempstead Video*, 409 F.3d at 133.  This presumption can be rebutted when "the facts demonstrate [that] effective screening measures were implemented to avoid misuse of the prior client's confidences." *Dumbo Moving & Storage, Inc. v. Piece of Cake Moving & Storage LLC*, No. 22 Civ. 5138, 2024 WL 3085052, at *3 (S.D.N.Y. June 20, 2024).  When determining whether the presumption is rebutted, "[c]ourts should inquire on the facts of the case before them whether the practices and structures in place are sufficient to avoid disqualifying taint." *Hempstead Video*, 409 F.3d at 137.

II.   Analysis

Defendants do not dispute the first two *Evans* factors.  Opp. at 8.  They challenge only the third, arguing that "[t]he presumption that client confidences are shared among members of the Firm is easily rebutted." *Id.*

To rebut the presumption, Defendants argue that Varlack left Bradford Edwards before the Firm began representing Defendants; that she worked remotely during her time at the Firm and was thus physically separated from other members of the Firm; and that she did not share information about Avangrid with members of the Firm. *Id.* at 8–11.  Varlack, however, was an active named partner at Bradford Edwards and a director who owed fiduciary duties to Avangrid when she received the privileged information.  In her communications with Avangrid, Varlack copied at least one other member of the Firm.  ECF No. 47-1.  Defendants provide no evidence that "effective screening measures were implemented to avoid misuse" of Avangrid's

2

confidences.  *See Dumbo Moving & Storage*, 2024 WL 3085052, at *3; *see also Papanicolaou v. Chase Manhattan Bank, N.A.*, 720 F. Supp. 1080, 1086 (S.D.N.Y. 1989) (stating that a law firm can avoid disqualification by "show[ing] that it implemented effective prophylactic measures to insulate an infected attorney"); *Huntington v. Great W. Res., Inc.*, 655 F. Supp. 565, 576 (S.D.N.Y. 1987) (stating that, on the facts of the case, denial of disclosure was insufficient to rebut the presumption that client confidences were shared).  The Court concludes, therefore, that the Firm has not implemented practices and structures sufficient to avoid the disqualifying taint.  *See Hempstead Video*, 409 F.3d at 137.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to disqualify is GRANTED.  This action is stayed until January 6, 2025, or until substitute counsel enters an appearance for Defendants, whichever occurs first.  The Clerk of Court is respectfully directed to terminate Patrick Bradford from the docket and to terminate the motion at ECF No. 45.

SO ORDERED.

Dated: November 11, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge