Joseph Sanderson
+1 212 378-7615 direct
josanderson@steptoe.com

**Steptoe**

1114 Avenue of the Americas
New York, NY  10036-7703
212 506 3900 main
www.steptoe.com

May 15, 2026

By ECF

Hon. Analisa Torres, U.S.D.J.
United States District Court,
Southern District of New York
500 Pearl Street
New York, New York  10007

**Re:**        ***Avangrid Networks, Inc. v. Security Limits Inc.*, No. 22 Civ. 9622 (AT)**
              **Non-Party Avangrid Inc.'s Anticipated Motion to Interplead Funds**

Dear Judge Torres:

We write on behalf of Non-Party Avangrid, Inc., and its subsidiaries, Plaintiffs-Counterclaim Defendants Avangrid Networks, Inc. ("Networks") and Avangrid Service Company ("Service Company," and, together with Networks, "Avangrid Entities"), to request a pre-motion conference or briefing schedule on Avangrid, Inc.'s motion to interplead funds owed by Avangrid, Inc. to Defendant-Counterclaim Plaintiff SLI, given the Avangrid Entities' conflicting claims to those funds as a result of their contention that SLI is liable for attorneys' fees incurred by the Avangrid Entities as a result of this Court's dismissing SLI's meritless counterclaims with prejudice.

This motion concerns $101,243.26 that Avangrid, Inc., has agreed that it owes SLI as a result of fee-shifting under New Mexico statutes after the New Mexico courts found that certain claims it had brought there against SLI and Silva were immune from liability under the *Noerr-Pennington* doctrine. While the debt has not yet been entered as an enforceable judgment, Avangrid, Inc., does not dispute that it owes that amount and is prepared to pay those funds into this Court's registry expeditiously.

Non-Party Avangrid, Inc., seeks an order directing these funds' payment into court because its subsidiaries, the Avangrid Entities, anticipate filing a motion for their attorneys' fees and costs in obtaining dismissal of SLI's counterclaims in this action. Specifically, section 12 of the April 2019 contract between SLI and the prime contractor, Unlimited Technology, Inc. ("UTI"), provides that the prevailing party in any action to enforce or interpret that contract "is entitled to recover the reasonable costs and expenses of such litigation, including, but not limited to, the reasonable fees and expenses of attorneys and certified public accountants, in any court or proceeding." In turn, section 11 of the April 2019 contract expressly incorporates the prime contract between Service Company and UTI. Thus, Service Company is an intended third-party beneficiary of the subcontract and entitled to enforce its fee-shifting provisions. And, according to our billing records, at least $225,000 in fees and costs were incurred in obtaining dismissal of SLI's counterclaims, which sought tens of millions of dollars under RICO, plus trebling, and

Hon. Analisa Torres, U.S.D.J.
May 15, 2026
Page 2

under other theories. Thus, the attorneys' fees that the Avangrid Entities contend that SLI owes them exceeds the amount Avangrid, Inc., owes SLI.

If Avangrid, Inc., pays SLI the $101,243.26, then there is a substantial likelihood that those funds will be spent or otherwise dissipated and that the Avangrid Entities will be unable to collect on their anticipated judgment for fees against SLI. Among other things, it does not appear that SLI is an active business; its website appears no longer to exist and it has not filed its Biennial Statement with the New York Secretary of State since it was formed in 2018. To that end, the Avangrid Entities seek relief from this Court to ensure that the funds Avangrid, Inc., owes SLI remain available to satisfy that anticipated judgment.

Therefore this Court should enter an order pursuant to Rule 67 of the Federal Rules of Civil Procedure permitting the disputed funds to be paid into the Court's registry. "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007). The funds are thus held "in trust for their rightful owner," *id.* at 114, whomever the Court later determines that to be.

Interpleading funds is particularly appropriate here because "although" Avangrid, Inc., is "ready, willing and able to pay the" debt, it is "in doubt as to whom it should be paid, simply because creditors of" SLI "are asserting conflicting claims thereto." *U S Overseas Airlines, Inc v. Compania Aerea Viajes Expresos De Venezuela, S.A.*, 161 F. Supp. 513, 515 (S.D.N.Y. 1958). Here, both SLI and Service Company claim to be entitled to the funds that Avangrid, Inc., owes SLI—SLI because of the agreement resolving the New Mexico fee motion and Service Company under the fee-shifting provisions of the subcontract of which it is a third-party beneficiary. Thus, interpleading the funds is appropriate while rights to those funds are being litigated. SLI will be protected because it can access the funds if it were to avoid this Court's ultimately ordering an award of attorneys' fees as a result of the dismissal of its counterclaims; Service Company will be protected because if it prevails on its fee application because SLI will not have been able to dissipate the funds.

Ultimately, SLI should not be permitted to take a payment from Avangrid, Inc., but then frustrate Service Company's efforts to recover the same money. Avangrid, Inc. should be permitted to pay those funds into this Court's registry instead.

Hon. Analisa Torres, U.S.D.J.
May 15, 2026
Page 3

Sincerely,


/s/ Joseph M. Sanderson
Joseph Sanderson