# LAW OFFICES
## OF
# EDWARD J. TROY
44 Broadway, Greenlawn, NY 11740
Telephone: (631) 239-6817
Facsimile: (631) 239-6818

Edward J. Troy, Esq.

Direct Dial: (631) 239-6817
edwardtroy@optonline.net

May 21, 2026

Hon. Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: Avangrid Networks, Inc., et ano v. Security Limits, Inc. and Paulo Silva
    Docket No.: 22- CV-09622 (AT)
    Our File No.: OTH 503

Dear Judge Torres:

This office represents the defendants in this matter. We write to advise the Court that we object to Non-Party's request to intervene in this matter. Avangrid, Inc., was not named in this suit by plaintiff's counsel when the complaint was drafted. Avangrid, Inc. was the named plaintiff in an action against the defendants in New Mexico. Defendants succeeded in having that matter dismissed under New Mexico's unique anti-SLAPP statute.

Having lost in the New Mexico District Court, Avangrid, Inc. appealed to the New Mexico Court of Appeals, which affirmed the dismissal. Avangrid, Inc. then filed a Petition for Writ of Certiorari with the New Mexico Supreme Court, which was denied on March 3, 2025. The Court of Appeals thereafter issued its mandate, and the District Court entered Judgment on Mandate in favor of Security Limits, Inc. and Paulo Silva and against Avangrid, Inc. Avangrid, Inc. then agreed to resolve the District Court, Court of Appeals, and Supreme Court fee related amounts. Defendants understand the agreed amount to be $101,143.26, not the $101,243.26 stated in Avangrid's letter, a discrepancy that further shows why the request should not proceed on attorney assertion alone. SLI and Mr. Silva were represented in the New Mexico litigation by counsel retained through their insurer, and Avangrid was directed to remit the fee proceeds to The Hartford or its designated recipient, not to Mr. Silva for personal use. A W-9 for Hartford was provided.

Defendants' Rule 26 disclosures are due May 28 and will identify available insurance coverage, including Hartford's role in retaining this office and defending Defendants under available commercial general liability and cyber liability coverage. Plaintiffs already know this yet now seek to restrain a settled New Mexico fee payment based only on counsel's unsupported April 1 assertion that Plaintiffs may seek $225,000 in fees, without billing records, time entries, hourly rates, a motion, an award, a lien, or a judgment. Seven weeks later, that alleged fee claim remains exactly what it was: a disputed future demand. It cannot justify intervention, Rule 67 relief, interpleader, setoff, or any restraint on payment of the agreed New Mexico fee resolution. One of the world's largest law firms should not be permitted to consume the Court's time, Defendants' time, and the limited resources of a small law office with an unsupported request built on attorney's assertion rather than evidence.

Rule 67 permits "a party," on notice and by leave of court, to deposit a disputed sum in an action where the relief sought includes disposition of that sum. Fed. R. Civ. P. 67(a). Avangrid Inc. is expressly a non-party, and the New Mexico fee obligation is not the fund at issue in this New York action. Rule 67 is a safekeeping mechanism, not a device to alter substantive rights, avoid payment, or create prejudgment security for an unsecured money claim. See, *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.,* 909 F.3d 534, 541-43 (2d Cir. 2018); *LTV Corp. v. Gulf States Steel, Inc. of Ala.,* 969 F.2d 1050, 1063 (D.C. Cir. 1992); *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 330-33 (1999).

This is not an interpleader. A stakeholder exposed to double or multiple liability because adverse claimants assert competing rights to the same fund is an interpleader. Fed. R. Civ. P. 22(a)(1); *New York Life Ins. Co. v. Connecticut Dev. Auth.,* 700 F.2d 91, 95 (2d Cir. 1983); *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.,* 985 F.2d 677, 679 (2d Cir. 1993). Avangrid, Inc. agreed to the New Mexico attorney fund. A claim it may later seek fees in New York does not negate the prior agreement. Any claim for fees, which may allegedly arise under an April 2019 subcontract between SLI and UTI, a contract Avangrid, Inc. did not sign and under which its third-party beneficiary status has not been established, cannot be the grounds for an interpleader. Third-party beneficiary status is not presumed in New York. See, *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.,* 66 N.Y.2d 38, 44-45 (1985); *Dormitory Auth. of State of N.Y. v. Samson Constr. Co.,* 30 N.Y.3d 704, 710 (2018). This is a possible future money claim, not a competing ownership claims to the New Mexico fee recovery.

The instant request also fails as a setoff. The proposed setoff is, in substance, a sham setoff: it lacks mutuality, rests on a future and disputed fee theory, and seeks to use a separate New Mexico loss as prejudgment security in this New York action. The New Mexico obligation is owed by Avangrid Inc. to SLI and Mr. Silva. The alleged future fee claim belongs, if at all, to Avangrid Service Company against SLI. Setoff generally requires mutual obligations between the same parties in the same capacity. See Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 149 (2d Cir. 2002). Avangrid has no judgment, no lien, no attachment, no liquidated fee award, and no order authorizing any holdback. Calling the holdback a setoff does not make it one.

The sham nature of the arguments being advanced are confirmed by Avangrid, Inc. returning to the New Mexico Supreme Court, requesting in effect, that the Court wipe the slate clean regarding the failed attempt to purchase a New Mexico utility. The Supreme Court of New Mexico denied that relief, which was sought in a writ of mandamus, although the Court did remand a $10,000 sanction to the public service commission for further review.

2

In this matter, Avangrid, Inc.'s counsel, after being highly technical about which Avangrid entity was involved, now seeks to place three separate Avangrid companies under the general rubric "Avangrid Entities." That label should not be used to confuse corporate roles, manufacture mutuality, or blur a clean adverse New Mexico outcome that could later be characterized in legal, financial, or regulatory due diligence as having been offset, recaptured, or neutralized through another state's litigation. The record should remain separate: New Mexico is one matter; New York is another; and an unadjudicated fee request based on a contract Avangrid, Inc. did not sign should not cloud a New Mexico judgment entered in favor of both Defendants. Avangrid also knew the New Mexico proceeds were not intended for Mr. Silva's personal use or dissipation. Mr. Silva authorized the New Mexico fee proceeds to be directed to Hartford Underwriters Insurance Company, as reflected on the W-9, for reimbursement of legal fees already paid, payment of fees still due to New Mexico counsel Alicia Lapado, Esq., and return of any overage to The Hartford.

Lastly, Avangrid's dissipation arguments do not justify relief. They are legally baseless. Avangrid understands Mr. Silva authorized the New Mexico fee-award proceeds to be directed to Hartford Underwriters Insurance Company, not to Mr. Silva for personal spending. The premise that SLI or Mr. Silva will directly spend, conceal, or dissipate the funds is therefore a manufactured insolvency narrative, not evidence. Assertions that SLI's website appears inactive or that a biennial statement has not been filed are attorney arguments, not evidence of insolvency, fraud, concealment, or inability to satisfy a lawful judgment. Attorney arguments are not evidence. *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). If Avangrid wants prejudgment security, it must use the lawful procedures for obtaining it and satisfying the required standards. It should not be permitted to consume the Court's time with a sham setoff theory that ignores the actual payment instructions and the Hartford reimbursement structure.

Discovery remains essential, but Defendants do not seek to revive dismissed counterclaims. Defendants recognize that the Court dismissed the counterclaims with prejudice and denied leave to amend. See, Order at 17, ECF No. 89. That ruling does not, however, convert Avangrid Inc.'s separate New Mexico judgment obligation into a New York fee-security device, nor does it adjudicate the factual merits of Avangrid's pending affirmative claims after discovery. Defendants reserve all rights permitted by law to use discovery to support defenses, oppose any fee-shifting application, oppose any claimed offset or setoff, seek sanctions or other relief if warranted, and pursue any legally available claims or remedies based on newly discovered facts, later-arising conduct, conduct by non-parties, or misconduct not adjudicated by the Court's prior dismissal order. Defendants do not concede that Avangrid may use the dismissal order as a substitute for proof, as a basis to intercept a separate New Mexico judgment, or as a mechanism to obscure Avangrid's clean loss in New Mexico by commingling it with an unresolved New York fee theory.

Thank you for your kind consideration in this matter.

Respectfully submitted,

Edward J. Troy

cc: Steptoe & Johnson
    Attorneys for plaintiff

3

Hi Paulo and Adam,

I am following up on the below email since I haven't seen a response.

Thanks,

Alicia

**ALICIA M. LAPADO, ESQ.**
SENIOR ASSOCIATE ATTORNEY
LITIGATION DEPARTMENT COORDINATOR





6801 JEFFERSON ST. NE, STE. 210
ALBUQUERQUE, NM 87109
**505-848-8581** (VOICE)  **505-848-8593** (FACSIMILE)
ALICIA@BUSINESSLAWSW.COM (E-MAIL)
WWW.BUSINESSLAWSW.COM (WEB)



BUSINESS LAW SOUTHWEST, LLC IS A MEMBER OF LAWPACT®,
AN INTERNATIONAL ASSOCIATION OF INDEPENDENT BUSINESS LAW FIRMS.
*www.LawPact.org*

KEEP ABREAST OF THE LATEST LEGAL ISSUES FOR BUSINESS.

THE INFORMATION CONTAINED IN THIS TRANSMISSION MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION. IT IS INTENDED ONLY FOR THE USE OF THE PERSON(S) NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR DUPLICATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.

**From:** Alicia M. LaPado
**Sent:** Wednesday, December 10, 2025 9:29 AM
**To:** Paulo Silva <paulo.silva@cloudfortress.ai>; Rosenberg, Adam P (Core Claims) <adam.rosenberg@thehartford.com>
**Subject:** Avangrid - Settlement of NM amounts owed

Good morning,

Patrick Griebel emailed me this morning stating that they are ready to close up the NM case (finally). I have the attached W9, which I understand you both have agreed that the check should be made payable to the Hartford.

Paulo, I recall that there was something specific you wanted on the memo line, but I can't seem